# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4066 | **DATE** | 7/2/2010 |
| **CASE TITLE** | Mitchell B. Davis (#B-57872) v. Detective Nickolas Tavares, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff is directed to either file an updated application to proceed *in forma pauperis* on the enclosed form or pay the full $350 statutory filing fee. Failure to comply with this directive by 8/2/10 will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this case. The Clerk is directed to send Plaintiff an *in forma pauperis* application and instructions along with a copy of this order. Plaintiff's motion to reconsider order denying appointment of counsel [40] is denied. Plaintiff's motion for leave to amend his complaint [39] is denied. Noticed motion date of 7/6/10 is stricken.

■[**For further details see text below.**]   Docketing to mail notices.

# STATEMENT

Plaintiff, recently released from state custody, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, City of Chicago Police Detectives Tavares and Vandenbranden, violated Plaintiff's constitutional rights by subjecting him to false arrest.

Plaintiff is no longer incarcerated. Accordingly, Plaintiff is directed to file a renewed application to proceed *in forma pauperis* regarding his current financial/employment status by 8/2/10. *See, generally, Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997). In the alternative, Plaintiff may pay the full $350 statutory filing fee. Although this case is not subject to the payment provisions of the Prison Litigation Reform Act, the Court must nevertheless assess Plaintiff's current financial situation. The i.f.p. application on file, which summarizes Plaintiff's prison trust fund activity, is not relevant.

The Clerk will provide Plaintiff with an i.f.p. application and instructions. Plaintiff must file an updated application to proceed *in forma pauperis* on the enclosed form or pay the full $350 statutory filing fee by 8/2/10. If Plaintiff fails to comply by 8/2/10, the case will be summarily dismissed on the understanding that Plaintiff does not wish to pursue his claims in federal court at this time.

Additionally, Plaintiff has filed a motion to reconsider the Court's order of March 5, 2010, denying appointment of counsel, is denied. The motion is denied. The Court denied Plaintiff's first motion for appointment of counsel, relying on the factors set forth in *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), and its progeny. Plaintiff's present motion does not provide any additional information which persuades the Court that its previous decision should be reconsidered. This case is not complex; furthermore, the Court grants *pro se* litigants wide latitude in the drafting of their pleadings. Plaintiff appears quite capable of presenting his claims. Consequently, for the reasons set forth in the Court's previous order denying counsel, Plaintiff's motion to reconsider is denied.

**(CONTINUED)**

AWL

| STATEMENT  (continued) |
|---|

Finally, Plaintiff has sought leave to amend his complaint. The motion is denied without prejudice. If Plaintiff wishes to amend his complaint, he must submit the proposed amended complaint with his motion for leave to file amended complaint.