# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MITCHELL B. DAVIS, | ) |
| Plaintiff, | ) |
| | ) Hon. Sharon Johnson Coleman |
| v. | ) |
| | ) |
| NICKOLAS TAVARES and | ) No. 09 C 4066 |
| JOSEPH VANDENBRANDEN, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mitchell B. Davis ("Plaintiff") filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that he was unlawfully arrested by Defendant Chicago Police Detectives Nickolas Tavares and Joseph Vandebranden (collectively "Defendants"), and seeking monetary relief for his alleged injuries. (Dkt. No. 1). Pending before the Court is Defendants' motion for summary judgment. (Dkt. No. 44). For the reasons set forth below, Defendants' motion for summary judgment is granted.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The following relevant facts are undisputed unless indicated otherwise. On January 23, 2009, Robert Watson ("Watson") reported to the Chicago Police Department that Plaintiff pointed a handgun at Watson and threatened him earlier that day. (Dkt. Nos. 46 at 2; 60 at 2). The general offense case report for the incident was completed that same day by investigating Chicago police officers Turner #10752 and Coats #14331. (Dkt. No. 45-7 at 2). An investigation alert was issued stating that there was probable cause for Plaintiff's arrest. (Dkt.

No. 46 at 2).

Two months later, on March 27, 2009, Defendants received a call from the City of Chicago's Office of Emergency Management and Communications Department informing them that Plaintiff was at the Dynamic Hair Salon at 6016 N. Broadway in Chicago. (Dkt. No. 46 at 2). Defendants went to the salon and spoke to Plaintiff, who, in turn, identified himself by producing his State of Illinois Identification Card. (*Id*.). The manner of Plaintiff's arrest is in dispute. Defendants' Local Rule 56.1 statement, supported by their affidavits, asserts that Defendants arrested Plaintiff and provided him *Miranda* warnings. (*Id*.). Plaintiff refutes this, claiming that the Defendants never gave him *Miranda* warnings before asking him to come to the police station. (Dkt. No. 60 at 2). Plaintiff also claims that he was under the impression that he was not under arrest when the Defendants took Plaintiff into custody at the hair salon. (*Id*.). In his complaint, however, Plaintiff alleged Defendants arrested Plaintiff on March 27, 2009 at the Dynamic Hair Salon where Plaintiff worked. (Dkt. No. 7 at 5).

Defendants transported Plaintiff to the Chicago Police Department's 24th District station. (Dkt. No. 46 at 2). Defendants contacted Watson and asked him to come to the station to sign a complaint. (*Id*.). Defendants also determined that Plaintiff was in violation of two separate parole terms from Texas and Illinois. (*Id*.). Plaintiff was charged with aggravated assault in violation of 720 ILCS 5/12-2(a)(1) for the incident involving Watson, but that charge was later dropped. (*Id*.).

Plaintiff claims that he did not threaten Watson with a gun and that Watson lied to the police because Watson previously dated Plaintiff's current girlfriend. (Dkt. No. 62). Plaintiff provides an affidavit from Carl Davis in support of his version of events. (Dkt. No. 63).

Defendants argue that they are entitled to summary judgment because there is probable cause to support Plaintiff's arrest and because their actions are shielded by qualified immunity. (Dkt. No. 45). Plaintiff believes Defendants should have investigated the situation further before arresting him. (Dkt. No. 61). Had this occurred, Plaintiff claims Defendants would have determined that Watson falsely accused Plaintiff, and, in turn, Defendants would not have arrested Plaintiff. (*Id.*).

## II.  LEGAL STANDARD

Summary judgment is an appropriate remedy if the pleadings, discovery materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). When considering a motion for summary judgment, the Court construes all evidence and inferences in the light most favorable to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party seeking summary judgment bears the burden of demonstrating that there is no genuine issue of material fact. *Id.* at 323. The Court may not evaluate the weight of the evidence, judge the credibility of witnesses, or determine the ultimate truth of the matter, but must simply determine whether there exists a genuine issue of triable fact. *Poer v. Astrue*, 606 F.3d 433, 439 (7th Cir. 2010). To survive summary judgment, the non-moving party must present evidence sufficient to establish a triable issue of fact on all essential elements of its case. *Lewis v. CITGO Corp.*, 561 F.3d 698, 702 (7th Cir. 2009). If there is no triable issue of fact on even one essential element of the non-moving party's case, summary judgment is appropriate. *Id.* Finally, it is important that the Court not make a credibility determination on a motion for summary judgment because those issues are for the fact finder. *See, e.g., Betaco, Inc. v. Cessna*

*Aircraft Co.*, 32 F.3d 1126, 1138 (7th Cir. 1994). With these legal principles in mind, this Court considers the matter at bar.

## III. DISCUSSION

Defendants contend that summary judgment should be entered in their favor because probable cause existed for Plaintiff's arrest and because Defendants are entitled to qualified immunity. (Dkt. No. 45 at 1-2, 5). The Seventh Circuit explained that the principles governing probable cause and qualified immunity are closely related:

> Whether police officers had probable cause to arrest a suspect and whether they are entitled to qualified immunity for the arrest are closely related questions, although qualified immunity provides the officers with an "additional layer of protection against civil liability" if a reviewing court finds that they did not have probable cause. In an unlawful arrest case in which the defendants raise qualified immunity as a defense, this Court will determine if the officer actually had probable cause or, if there was no probable cause, whether a reasonable officer could have mistakenly believed that probable cause existed. If the officers can establish that they had arguable probable cause to arrest the plaintiff, then the officers are entitled to qualified immunity, even if a court later determines that they did not actually have probable cause. Accordingly, [this Court will] grant [] summary judgment [if it] find[s] that a reasonable police officer in the same circumstances and with the same knowledge . . . as the officer in question *could* have reasonably believed that probable cause existed in light of well-established law.

*Carmichael*, 605 F.3d at 459 (emphasis in original) (citations omitted).

### A. Probable Cause

The Court first considers whether Defendants had probable cause to arrest Plaintiff on March 27, 2009 because "[a]n arrest without probable cause violates the Fourth Amendment," *Fox v. Hayes*, 600 F.3d 819, 832 (7th Cir. 2010) (citing *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004)). The existence of probable cause is an absolute defense to a § 1983 false arrest claim. *Montano v. City of Chicago*, 535 F.3d 558, 568 (7th Cir. 2008). Plaintiff bears the burden of

4

demonstrating that he was arrested without probable cause. *McBride v. Grice*, 576 F.3d 703, 706 (7th Cir. 2009).

Police have probable cause to make an arrest when the facts and circumstances within their knowledge and of which they had reasonable trustworthy information were sufficient to warrant a prudent officer in believing that the plaintiff had committed or was committing an offense. *Ebert v. Gaetz*, 610 F.3d 404, 412 (7th Cir. 2010). A court considers the totality of the circumstances when considering whether Defendants had probable cause to arrest Plaintiff. *Mosley*, 614 F.3d at 399. A court evaluates probable cause not with the benefit of hindsight, and not on the facts as perceived by an omniscient observer, but on the facts as they appeared to a reasonable person in the officer's position, even if that reasonable belief turned out to be incorrect. *Stockes v. Bd. of Educ. of City of Chicago*, 599 F.3d 617, 622 (7th Cir. 2010). Probable cause requires only that a probability or a substantial chance of criminal activity exists. The evidence need not show that the officer's belief is more likely true than false. *Purvis*, 614 F.3d at 722-23. The very phrase "probable cause" confirms that the Fourth Amendment does not demand all possible precision. *Herring v. United States*, 129 S. Ct. 695, 699 (2009). Further, the fact that a plaintiff was not prosecuted does not establish the absence of probable cause. *Boyce v. Fernandes*, 77 F.3d 946, 950 (7th Cir. 1996).

The Seventh Circuit has repeatedly held that a complaint of the putative victim or a single witness is generally sufficient to establish probable cause, unless the officer has a reason to question the witness' account. *Reynolds v. Jamison*, 488 F.3d 756, 765 (7th Cir. 2007). So long as a reasonably credible witness or victim informs the police that someone has committed, or is committing a crime, the officers have probable cause to place the alleged culprit under

arrest. *Holmes*, 511 F.3d at 680. It does not matter whether the accused person denies the allegation. Police need not conduct an investigation but may arrest and let prosecutors and courts determine who is telling the truth. *Askew v. City of Chicago*, 440 F.3d 894, 896 (7th Cir. 2006).

Finally, the collective knowledge doctrine permits an officer to arrest a subject at the direction of another officer or police agency, even if the officer himself does not have firsthand knowledge of facts that amount to the necessary level of suspicion to permit the arrest. *United States v. Williams*, __ F.3d__, No. 10-1608, 2010 WL 4157339, at *4 (7th Cir. Oct. 25, 2010). Effective law enforcement cannot be conducted unless police officers can act on directions and information transmitted by one officer to another. Officers, who must often act swiftly, cannot be expected to cross-examine their fellow officers about the foundation for the transmitted information. *United States v. Harris*, 585 F.3d 394, 400 (7th Cir. 2009). There is no Fourth Amendment violation if the knowledge of the officer directing the arrest — or the collective knowledge of the agency for which he works — is sufficient to constitute probable cause. *Williams*, __ F.3d __, No. 10-1608, 2010 WL 4157339, at *4.

Applying the foregoing principles to the present case, the Court holds that Defendants are entitled to summary judgment because the undisputed facts demonstrate there was probable cause for Plaintiff's arrest. The fact that Plaintiff makes contradictory allegations regarding the location of his arrest is not material to the determination of whether probable cause existed for his arrest on March 27, 2009. Under the collective knowledge doctrine, knowledge of Watson's complaint that Plaintiff threatened Watson with a handgun on January 23, 2009 is imputed to Defendants. Plaintiff himself admits that Watson made a complaint to the Chicago Police

Department claiming that he was the victim of a criminal offense committed by Plaintiff. (Dkt. No. 60 at ¶¶ 8-9). Plaintiff also admits that Watson signed a complaint against Plaintiff on the date of Plaintiff's arrest. (*Id*. at ¶ 18). These undisputed facts are sufficient to lead a reasonable officer in the Defendants' position to believe that Plaintiff committed a criminal act. This is not a situation in which the Defendants were obliged to conduct a further investigation because Watson's allegations did "add up to a crime." *Askew*, 440 F.3d at 895.

Although Plaintiff argues that Watson had a grudge against Plaintiff because he was dating Watson's ex-girlfriend, Plaintiff does not suggest that Defendants would have any way of knowing of this alleged bias. This case falls within the general rule that police have probable cause for an arrest if a reasonably credible victim informs police that someone has committed a crime. *See, e.g., Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 680 (7th Cir. 2007). Defendants were entitled to rely upon Watson's statements to establish probable cause for Plaintiff's arrest because they had no reason to question Watson's credibility. *Reynolds*, 488 F.3d at 765. The existence of probable cause for Plaintiff's arrest defeats his false arrest claim and Defendants are entitled to summary judgment.

### B. Qualified Immunity

This Court having determined that Defendants had probable cause to arrest Plaintiff, need not reach the question of whether Defendants are entitled to the "extra layer of protection" provided by qualified immunity.

7

**IV.    CONCLUSION**

Defendants' motion for summary judgment (Dkt. No. 44) is granted.  The Clerk is directed to enter judgment in favor of Defendants Nickolas Tavares and Joseph Vandenbranden against Plaintiff Mitchell B. Davis.  The Case is terminated.

IT IS SO ORDERED.

January 7, 2011
_____
Dated

_____
Hon. Sharon Johnson Coleman
United States District Court